UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

Trustees of the Westchester Putnam Counties Laborers' Local No. 60 Heavy & Highway Benefit Funds, Welfare, Pension, Annuity, Education & Training, Legal Services, Industry Advancement and Political Action Funds and the Laborers' International Union of North America Local No. 60,

        Plaintiffs,

 -against-

MCNAMEE CONSTRUCTION CORP.,

        Defendant.

------------------------------------------------------------------x

Index #

**COMPLAINT**

JUDGE KARAS
08 CIV. 5148

  Trustees of the Westchester Putnam Counties Laborers' Local No. 60 Heavy & Highway Benefit Funds, Welfare, Pension, Annuity, Education & Training, Legal Services, Industry Advancement and Political Action Funds (hereinafter referred to as the "Funds"); and the Laborers' International Union of North America Local No. 60 (hereinafter "referred to as the "Union"), by and through their attorneys, Barnes, Iaccarino, Virginia, Ambinder & Shepherd, PLLC, allege as follows:

### JURISDICTION AND VENUE

  1. This action is based on the provisions of Section 301 of the Labor Management Relations Act of 1947 (hereinafter referred to as the "Taft-Hartley Act") 29 U.S.C. Section 185, and on Section 502(a)(3) and Section 515 of the Employee Retirement Income Security Act, as amended (hereinafter referred to as "ERISA") (29 U.S.C. Section 1132(a)(3) and 29 U.S.C. 1145).

  2. Jurisdiction is conferred upon this Court by Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) and Sections 502(e)(1) and 502(f) of ERISA (29 U.S.C. Sections 1132(e)(1) and 1132(f)); and derivative jurisdiction is contained in 28 U.S.C. Sections 1331 and 1337.

hospitalization, medical care, vacation, annuity, pension benefits and Union dues check-off on behalf of the employees from signatory employers, and the Plaintiff Trustees, as fiduciaries of the Funds, are authorized to maintain suit as independent legal entities under Section 502(d)(1) of ERISA (29 U.S.C. Section 1132(d)(1)) and are obligated to bring actions to enforce the provisions of the Agreement and Trust Indentures that concern the protection of employee benefit rights.

7. The Funds' have an office which is located and administered at 140 Broadway, Hawthorne, New York 10532, in the County of Westchester.

8. The Union, a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185), represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. Section 142), and Section 3(4) of ERISA (29 U.S.C. Section 1002(4)), and as further defined in Section 12 of the General Associations Law of the State of New York.

9. The Plaintiff Union maintains an office and is administered at 140 Broadway, Hawthorne, New York 10532, in the County of Westchester.

10. Upon information and belief, defendant MCNAMEE CONSTRUCTION CORP., (hereinafter referred to as "the Employer") at all relevant times, was and is an "employer" within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. Sections 1002(5) and 1145) in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185).

11. Upon information and belief, the Employer is a for-profit domestic corporation duly organized and existing pursuant to the laws of the State of New York with its principal place of business at 154 Lovel Street, Rte 202, Lincolndale, NY 10540, in the County of Westchester.

## CAUSES FOR RELIEF
### AS AND FOR A FIRST CLAIM FOR RELIEF

12. The Employer executed an Agreement with the Union and/or was and still is a party to a Agreement with the Union by virtue of membership in an Employer Association.

## AS AND FOR A SECOND CLAIM FOR RELIEF

19. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "26" of this Complaint as if fully set forth at length herein.

20. In accordance with ERISA Section 209, 29 U.S.C. 1059 the Employer is responsible for maintaining the Books and records sufficient to allow the Funds to conduct an audit and failure to do so constitutes a violation of ERISA.

21. Section 515 of ERISA, (29 U.S.C. Section 1145) requires employers to pay fringe benefit contributions in accordance with the terms and conditions of the Collective Bargaining Agreement.

22. An Employer who has failed to pay or timely pay the fringe benefit contributions and/or submit the contribution reports owed as a result of work performed by individual employees of the Employer constitutes a violation of Section 515 of ERISA (29 U.S.C. Section 1145).

23. Section 502 of ERISA (29 U.S.C. Section 1132) provides that upon a finding of an employer violation of Section 515 of ERISA (29 U.S.C. Section 1145) which requires employers to pay fringe benefit contributions in accordance with the terms and conditions of collective bargaining agreements, the Court shall award payment to a plaintiff Fund the unpaid fringe benefit contributions, plus statutory damages and interest on the unpaid principal amount due both computed at a rate provided by the Plaintiff Trustees in accordance with the Funds' policy, together with reasonable attorneys' fees and costs and disbursements incurred in the action.

24. The failure to permit an audit has injured the Funds and Union by delaying the investment of contributions that are found due pursuant to the audit; causing unnecessary administrative costs for the Funds and Union; and has injured the participants and beneficiaries and other contributing employers of the benefit plan in the form of lower benefits and higher contribution amounts.

25. Accordingly, the Employer is liable to Plaintiffs under the Agreement concerning the payment of fringe benefit contributions and under Sections 209, 502 and 515 of ERISA (29 U.S.C. Sections 1059,

1132 and 1145) due to the failure to permit an audit within the time prescribed by the Agreement and to pay the contributions that are due and owing.

26. Accordingly, the Employer must permit and cooperate in the conduct of an audit and is liable to the Funds and Union in an amount to be determined by the audit, which shall include liquidated damages, interest and reasonable audit fees, attorneys' fees and costs pursuant to Section 502 of ERISA (29 U.S.C. Section 1132).

**WHEREFORE**, Plaintiffs respectfully request a Judgment against Defendant MCNAMEE CONSTRUCTION CORP.

On the First and Second Claims for Relief as follows:

(a) An Order requiring the defendant to permit and cooperate in an audit of the defendant's books and records by the plaintiff or its agents for the effective period of the Collective Bargaining Agreement;

(b) For a Judgment against the defendant for any monies found due and owing as a result of the audit of defendant's books and records which shall include the principal amount due plus interest, liquidated damages calculated at twenty (20%) percent of the principal amount found due and reasonable attorneys' fees and all costs as provided for in the Collective Bargaining Agreement; and

(c) For such other and further relief as to the Court deems appropriate.

Dated: Elmsford, New York
May 28, 2008

Respectfully submitted,

BARNES, IACCARINO, VIRGINIA,
AMBINDER & SHEPHERD, PLLC

Karin Arrospide, Esq.(KA9319)
Attorneys for Plaintiffs
258 Saw Mill River Road
Elmsford, New York 10523
(914) 592-1515